UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
CASE NO. 10-26-ART


JAMES DOUGLAS                                                          PLAINTIFF



**<u>SECOND AMENDED COMPLAINT</u>**



UNITED STATES OF AMERICA                                    DEFENDANT


\*\*\*\*\*\*\*\*\*\*\*\*              \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*              \*\*\*\*\*\*\*\*\*\*\*\*

Comes now the Plaintiff, James Douglas, by and through undersigned counsel, and for his Second Amended Complaint herein states and alleges as follows:

1.      The Plaintiff, James Douglas, is a resident of Bell County, Kentucky.

2.      The Defendant, United States of America, through its Department of Veterans Affairs, employed Dr. Victor Ferraris, a physician licensed and practicing in the Eastern District of Kentucky at its hospital in Lexington, Kentucky.

3.      Dr. Victor Ferraris was, at all times relevant hereto, the physician for the Plaintiff in the Eastern District of Kentucky.

4.      That all of the acts of Dr. Victor Ferraris and Defendant's other employees, as set out herein, occurred within the course and scope of their employment with and should be imputed to the Defendant.

5.      The Defendant owed the Plaintiff a duty to provide good and appropriate medical care that met the applicable standard of care in every way, including the specific duties:

a) To properly examine, diagnose and treat Plaintiff;

b) To do no harm to Plaintiff;

c) To not misdiagnose cancer;

d) To not remove Plaintiff's lung when it was not medically indicated.

6.      The Defendant, through its employees, breached the aforementioned duties by negligently, carelessly and recklessly treating and diagnosing Plaintiff and surgically removing Plaintiff's left lung when removal of this lung was not medically indicated.

7.      Dr. Ferraris negligently, carelessly and recklessly removed Plaintiff's lung on the basis that the Plaintiff had cancer when Plaintiff did not, in fact, have cancer as shown by numerous tests which did not indicate the presence of cancer.

8.      That, as a direct and proximate result of said negligence, carelessness and recklessness of the Defendant, Plaintiff has been severely and permanently injured and disabled, suffered past and future lost wages, suffered past and future mental and physical pain and suffering, and has incurred and will incur medical and other expenses, and has had his power to earn money reduced and/or destroyed.

9.      That the Defendant is liable for these negligent acts pursuant to the Federal Tort Claims Act, 28 U.S.C. 1346(b)(1), 28 U.S.C. 2671-2680 and 28 U.S.C. 1331.

10.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1346(b)(1).

11.      The damages sustained by the Plaintiff, as set out herein, are in a sum in excess of the jurisdictional minimum of this Court.

12.      That the Plaintiff applied for administrative adjustment of his claim pursuant to 28 U.S.C. 2675 on April 2, 2009.

13.     That notice of denial of his application for administrative adjustment of this claim was received, via certified mail, on September 11, 2009.


WHEREFORE, the Plaintiff demands the following:

1.      Judgment against the Defendant herein for damages as set out above;

2.      Trial by jury;

3.      Interest at the legal rate on any judgment rendered until paid in full;

4.      Court costs;

5.      Any and all other relief to which the Plaintiff may appear to be entitled.

Respectfully submitted,


s/ Brad C. Freeman
HON. BRAD C. FREEMAN
FREEMAN & CHILDERS
201 S. Main Street
P.O. Box 1546
Corbin, Kentucky 40702
Phone:  (606) 528-1000
Fax:  (606) 528-9000